7  235
48  398

## OAKEY and HAWKINS v. EXECUTORS OF A. GORDON.

Defendant owned the Mexican Gulf Railroad, and also a steamboat which ran from Pearl River to Proctorville, the gulf terminus of the road. At the former point, cotton was shipped to plaintiffs under a bill of lading given by the captain of the boat, binding him to deliver the cotton at the port of New Orleans, unavoidable dangers of the navigation and fire, only excepted. The cotton was transferred from the vessel to the cars and destroyed by fire, issuing from the chimny of the locomotive, *in transit* to New Orleans. The court held, that the contract to carry the cotton was entire, and the exception in the bill of lading against loss by fire, extended as well to loss on the cars as on the boat, and that defendant was not bound for the loss.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Benjamin* and *Micou*, for plaintiffs. *H. H. Taylor*, for defendants. By the court:

ROST, J.    This is a suit to recover from the *Succession of Alexander Gordon*, the value of certain cotton, destroyed by fire on the cars of the Mexican

OAKEY
v.
EXECUTORS OF
GORDON.

Gulf Railway, which is the property of said succession. It seems that *Gordon* and others were the owners of the steamer M. A. Moore, habitually running from West Pearl river to Proctorville, at the lake end of the railroad. The cotton in controversy was shipped on the steamer at the former port, and the captain gave bills of lading, binding himself to deliver it at the port of New Orleans. It was landed at the lake end of the railroad, placed on the cars, and, in the transit from that place to New Orleans, destroyed by fire, communicated by sparks issuing from the chimney of the locomotive.

The defence as to all the cotton destroyed but one bale, is, that it was included in a bill of lading which excepted the dangers of fire.

It is urged by the plaintiffs and appellants, that this exception in the bill of lading should be limited to the dangers of fire on board of the steamer; that the perils of the sea and the dangers of fire are found in the same clause of the bill of lading, and should both be considered as having exclusive reference to the sea voyage.

We think there is nothing in the bill of lading to authorize such a limitation to the exception. As was observed by the district judge, the contract to carry the cotton from West Pearl river to the port of New Orleans, for fifty cents a bale, is entire; and, as nothing shows any intention to divide the risk, the clauses and exceptions in the bill of lading must be considered as entire. The transportation, partly by steamer, and partly by railway, was within the usage of trade. It is reasonable to believe that it was in contemplation of the parties, and it might be inferred from the evidence, that the greater risk of fire on the railway was the cause of the exception in the bill of lading. The defendants have the same right to avail themselves of this exception, that the captain of the steamer would have.

One of the bales of cotton destroyed, was included in the bill of lading which did not except the dangers of fire; and, if the fact had been brought to the notice of the district judge on the trial, it is manifest, from his opinion, that he would have given judgment in favor of the plaintiffs for its value; or, if the plaintiffs had made this error in the judgment the ground of an application for a new trial, it is equally clear that the application would have prevailed. But, as neither was done, we think the matter in controversy is not of sufficient amount so authorize a reversal of the judgment. See *Hann* v. *Graihle*, 2 Ann.

Judgment affirmed.